IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

AMERICAN HALLMARK INSURANCE
COMPANY OF TEXAS,
a foreign corporation,

        Plaintiff,

    vs.

AMERICAN FAMILY MUTUAL
INSURANCE COMPANY, a foreign
corporation; and JRP DRYWALL
ENTERPRISES, INC., an Oregon
corporation,

        Defendants.

O R D E R
Civ. No. 09-976-AA

AIKEN, Chief Judge:

    Plaintiff moves twice for partial summary judgment (docs. 11, 23).  Those motions are denied with leave to refile.

    Briefly, plaintiff alleges that defendant American Family Mutual Insurance Company ("American Family") failed to indemnify an additional insured general contractor in an underlying action.

1 - ORDER

The underlying lawsuit arose out of a construction site injury suffered by a subcontractor's employee that was allegedly caused wholly or in part by the subcontractor.

American Family was the primary insurer for any liability of the general contractor, William Popoff, that was due to the negligence of Popoff's subcontractor, defendant JRP Drywall Enterprises, Inc. ("JRP").[1]   During construction work, JRP's negligence caused a serious injury to JRP's onsite supervisor, Gerardo Herrera.  Herrera sued Popoff but American Family denied a duty to indemnify.   Plaintiff, Popoff's commercial general liability insurer, then settled the case for $900,000 to protect Popoff against a likely verdict in excess of policy limits.

Plaintiff alleges that American Family agreed "by contract" that if plaintiff settled the Herrera case, American Family would limit its defenses in this coverage lawsuit to the following: (1) the policy's Employer's Liability exclusion precludes coverage; and (2) that Or. Rev. Stat. 30.140(1) barred indemnity because there was no claim in the underlying lawsuit that JRP was negligent.

Plaintiff's first summary judgment motion asserts that both issues are "purely legal determinations" although "some limited additional discovery will be needed to evaluate the exact amount of JRP's fault and therefore [plaintiff] proposes this issue be briefed separately."   Plaintiff's Memo in Support, p. 2. Similarly, plaintiff's second summary judgment motion, also against American Family, moves against American Family's First

---

[1] Defendant JRP is not involved in the motions at bar.

2 - ORDER

and Fifth Affirmative Defenses. Plaintiff alleges those defenses breach the Defense Limitation Agreement ("DLA"). Plaintiff seeks a judgment that the DLA is a binding and enforceable legal agreement that is "clear on its face." Plaintiff's Memo, p. 1. (Motion 2).

The parties agree that there were discussions between the carriers at the mediation in the underlying case. The parties further agree that they reached an arrangement to litigate their dispute in a later case. That, however, is where the agreement ends. Unfortunately, the parties failed to reduce to a formal, signed writing their arrangement. The parties now disagree even as to what the parameters of their agreement were. American Family argues that plaintiff has "gone beyond the arrangement negotiated at the conclusion of the underlying case." American Family's Opposition, p. 1. Plaintiff is relying on and attempting to enforce "its version" of a settlement agreement. American Family argues that plaintiff's lawsuit and motion for summary judgment constitute a "repudiation of the carriers' arrangement such that American Family is excused of any obligation." American Family's Opposition, p. 4. Both carriers argue that their version of the arrangement is the only reasonable one. Both carriers assert that the other carrier has misconstrued the arrangement and breached its provisions. Moreover, American Family notes that as the parties continue to participate in discovery, "there may be a basis for Summary Judgment in its favor," specifically on the basis that plaintiff breached the agreement between the parties. Id. at p. 1.

The court notes that discovery is not scheduled to close in

this case until May 19, 2010.  Upon review of the record at this early stage, I find questions of fact as to what the arrangement actually was between the carriers.  Specifically, based on the record before me, I find both parties' interpretations of the arrangement are reasonable.  I find that genuine questions of fact exist as to the material terms of the agreement between the carriers.  Therefore, plaintiff's summary judgment motions (docs. 11, 23) are denied with leave to refile.  Finally, the parties are encouraged to contact the court if interested in participating in a settlement conference.

IT IS SO ORDERED.

Dated this _11th_ day of February 2010.



_Ann Aiken_
Ann Aiken
United States District Judge

4 - ORDER