FILED'10 DEC 20 10:32USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

AMERICAN HALLMARK INSURANCE
COMPANY OF TEXAS,
a foreign corporation,

       Plaintiff,

    vs.

AMERICAN FAMILY MUTUAL
INSURANCE COMPANY, a foreign
corporation; and JRP DRYWALL
ENTERPRISES, INC., an Oregon
corporation,

       Defendants.

FINDINGS OF FACT AND
CONCLUSIONS OF LAW
CV 09-976-AA

AIKEN, Chief Judge:

    Plaintiff American Hallmark Insurance Company of Texas
brought this insurance coverage action against American Family
Mutual Insurance Company and JRP Drywall Enterprises, Inc.
("JRP"). On December 9, 2010, a bifurcated court trial was held
concerning the terms of a mediated agreement and whether that

Page 1 - FINDINGS OF FACT AND CONCLUSIONS OF LAW

agreement between plaintiff and defendant was enforceable.   This court previously found that plaintiff and defendant concluded an agreement reached at a mediation held on July 14, 2009.   The court found, however, that genuine issues of material fact existed as to the material terms of the agreement.   After considering the evidence, including witness testimony and exhibits, and the briefing by parties, the court enters the following Findings of Fact and Conclusions of Law:

## Findings of Fact

1. Plaintiff is a property and casualty insurance company domiciled in the State of Texas and authorized to do business in the State of Oregon, with its principal place of business in Texas.

2. Defendant is a property and casualty insurance company domiciled in the State of Wisconsin and authorized to do business in the State of Oregon, with its principal place of business in Madison, Wisconsin.

3. Defendant JRP is a construction company that is domiciled, has its principal place of business, and is authorized to do business in the State of Oregon.

4. William Popoff was a general contractor and a named insured of plaintiff's under a commercial general liability insurance policy, policy number 44-CL-435288-02/000.

5. JRP was a named insured of defendant's under a commercial general liability insurance policy, policy number 36X0-7385-03.

6. Popoff hired JRP as a subcontractor on a construction job and JRP's employee Gerardo Herrera was injured on that job site.

7. Herrera sued Popoff, and plaintiff and defendant jointly

Page 2 - FINDINGS OF FACT AND CONCLUSIONS OF LAW

defended Popoff. Defendant was defending Popoff on the basis that Popoff was an additional insured through JRP's policy with defendant.

8. Plaintiff and defendant disagreed about defendant's indemnity obligation in the Herrera lawsuit.

9. On July 14, 2009, a global mediation was held. Defendant and plaintiff each had a representative who was an attorney present at the mediation. Each representative acted as an agent of their respective insurers, with apparent authority to act on their principals' behalf.

10. At the mediation, Herrera's counsel agreed to accept $900,000 to settle the lawsuit if plaintiff and defendant could obtain this amount of authority.

11. At the mediation, defendant's representative, Eric Tait, stated to plaintiff that if plaintiff paid the $900,000 to settle the Herrera lawsuit, defendant would agree that the dollar amount of the settlement was reasonable and agree to limit the defenses defendant could raise in a subsequent coverage lawsuit by plaintiff. Defendant stated that it would limits its defenses to the specific defenses it had identified in its reservation of rights letters to Popoff. Those defenses were that ORS 30.140 and the employer's liability exclusion of defendant's policy precluded any indemnity obligation to Popoff. Defendant stated that it would also reserve the right to raise the negligence of Herrera and Popoff as defenses. Finally, under defendant's proposal, defendant and plaintiff preserved their disagreement concerning which of the policies would be primary versus excess for the indemnity obligation attributable to JRP's fault.

Page 3 - FINDINGS OF FACT AND CONCLUSIONS OF LAW

1         12. Plaintiff stated that it accepted defendant's offer but

2    that plaintiff would need defendant to reiterate the terms of the

3    agreement in a writing.   Later in the day on July 14, 2009,

4    defendant's representative, Eric Tait, sent a email reiterating

5    and containing the terms of the agreement between defendant and

6    plaintiff.

7         13.   The mediator, John Barker, testified as a witness in

8    this trial, and stated that he was present for the discussion

9    between plaintiff and defendant.   Mr. Barker testified that in

10   his opinion, the parties had reached an agreement.   The court

11   finds Mr. Barker's testimony credible.

12        14. On or around July 17, 2009, plaintiff agreed to fund the

13   $900,000 settlement with Herrera.   The settlement agreement was

14   fully executed on July 31, 2009.   Under the settlement agreement

15   Popoff assigned his rights arising out of the Herrera lawsuit to

16   plaintiff and Herrera and Popoff released plaintiff from any

17   liability arising out of Herrera's accident and/or lawsuit.

18   Defendant was not a signatory to the settlement agreement and was

19   not released by the underlying parties.

20        15.   On August 19, 2009, plaintiff filed an insurance

21   coverage lawsuit against defendant and JRP.

22        16. After the July 14, 2009 mediation, witness Eric Tait

23   confirmed that defendant had no contact with anyone involved in

24   the Herrera lawsuit, including the defense counsel defendant

25   retained along with plaintiff, until after plaintiff's coverage

26   lawsuit was filed.

27        17. In the coverage lawsuit defendant raised the affirmative

28   defense that defendant and plaintiff had either not formed an

Page 4 - FINDINGS OF FACT AND CONCLUSIONS OF LAW

1    agreement or that plaintiff had so breached that agreement so as
2    to excuse defendant's performance.  Defendant argued that there
3    were additional terms that were part of the agreement.   These
4    additional terms were that Popoff was prohibited from assigning
5    his rights arising out of the lawsuit to plaintiff, that
6    plaintiff could only sue defendant in its coverage lawsuit and
7    that defendant would be released in the Herrera settlement.
8    Defendant also argued that the agreement with plaintiff was not
9    valid because it had not been reduced to a formally executed
10   signed writing.  Witness Tait confirmed that these additional
11   terms did not appear in the July 14, 2009 email defendant sent
12   to plaintiff and that defendant did not discuss these additional
13   terms with anyone involved in the Herrera lawsuit until after
14   plaintiff's coverage lawsuit was filed.

## Conclusions of Law

16        1. The court has jurisdiction over this matter pursuant to
17   diversity jurisdiction.  28 U.S.C. § 1332.

18        2. To form a contract parties must agree to certain terms
19   and manifest their assent.  R.J. Taggart, Inc. v. Douglas County,
20   31 Or. App. 1137, 1140, 572 P.2d 1050 (1977).  The parties need
21   only agree on the essential or material elements of the contract,
22   not on every possible term.  Pacificorp v. Lakeview Power Co.,
23   131 Or. App. 301, 307, 884 P.2d 897 (1994)(internal citation
24   omitted).

25        3. Oregon relies on the objective theory of contract.  Real
26   Estate Loan Fund of Or. v. Hevner, 76 Or. App. 349, 354, 709 P.2d
27   727 (1985).  Under this theory, undisclosed intent or ideas are
28   not relevant to the determination of whether a contract exists or

Page 5 - FINDINGS OF FACT AND CONCLUSIONS OF LAW

1    what terms are part of the contract. Id. Acts and words have
2    the meaning which a reasonable person would ascribe to them in
3    view of the surrounding circumstances in which they are
4    undertaken or spoken. Kitzke v Turnidge, 209 Or. 563, 573, 307
5    P.2d 522 (1957); see also, Groshong v. Mut. of Enumclaw Ins. Co.,
6    329 Or. 303, 308, 985 P.2d 1284 (1999).

7        4. The mediation and email on July 14, 2009, resulted in a
8    legally binding agreement with an offer and acceptance under the
9    objective theory of contract. Defendant offered to agree, if
10   plaintiff agreed to pay $900,000 to settle the Herrera case, that
11   defendant would not contest the reasonableness of the amount of
12   the settlement. Plaintiff said it accepted this offer and wanted
13   the terms reflected in writing. Defendant then sent an email
14   reiterating the agreement reached at the mediation. A fully
15   binding agreement resulted from this offer and acceptance and
16   partial performance.       Plaintiff fulfilled its required
17   performance by paying $900,000 to Herrera and settling his
18   lawsuit.

19       5. Under the objective theory of contract, only the terms
20   the parties agreed upon and that were reiterated in defendant's
21   July 14, 2009 email are part of the contract. Thus, the terms of
22   the contract were that if plaintiff paid the $900,000 to settle
23   the Herrera lawsuit, defendant would agree that the amount of the
24   settlement was reasonable and would limit its defenses to certain
25   defenses specifically set out in its prior reservation of rights
26   letters or agreed to by the parties at the mediation, and
27   reiterated in defendant's July 14, 2009, email. Those defenses
28   were ORS 30.140, the defendant's policy's employer's liability

Page 6 - FINDINGS OF FACT AND CONCLUSIONS OF LAW

exclusion, the negligence of Herrera and Popoff and the proper construction of the two parties "other insurance clauses" with regard to which policy was primary and which was excess for the percentage of the Herrera loss attributable to JRP's fault.

6. Defendant failed to preserve the defense that Popoff was not an additional insured, or any other defenses that may have existed under the terms and conditions of defendant's policy but which were not expressly preserved under the parties agreement.

7.  The other terms defendant believes were part of the agreement reached with plaintiff were never communicated to or discussed with plaintiff and therefore not part of the agreement. The court does not find Tait's testimony credible in this regard. These purported terms were that Popoff was prohibited from assigning his rights arising out of the lawsuit to plaintiff, that plaintiff could only sue defendant in its coverage lawsuit and that defendant would be released in the Herrera settlement.

8.  Upon plaintiff's completion of the Herrera settlement, defendant was bound to limit its defenses as agreed to in the parties agreement. As a result, the only defenses defendant may raise in this lawsuit are ORS 30.140, the employer's liability exclusion of the defendant's policy, the negligence of Herrera and Popoff and the proper construction of the two parties "other insurance clauses" with regard to which policy was primary and which was excess for the percentage of the Herrera loss attributable to JRP's fault.

9. Accordingly, defendant is barred from raising any defense not preserved under the parties agreement, including, but not limited to, the defense that Popoff was not an additional

Page 7 - FINDINGS OF FACT AND CONCLUSIONS OF LAW

1    insured. Consistent with this ruling, plaintiff may renew its
2    summary judgment motion on the legal defenses preserved under the
3    parties agreement.

4        10. Finally, both parties are to bear their own attorney
5    fees in this action.

6    IT IS SO ORDERED.
7        Dated this _17th_ day of December 2010.

8
9
10
11                                                Ann Aiken
12                                      United States District Judge
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Page 8 - FINDINGS OF FACT AND CONCLUSIONS OF LAW