FILED 03 JUN '11 15:00 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| AMERICAN HALLMARK INSURANCE COMPANY OF TEXAS, a foreign corporation,<br><br>      Plaintiff,<br><br>  v.<br><br>AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a foreign corporation; and JRP DRYWALL ENTERPRISES, INC., an Oregon corporation,<br><br>      Defendants. | Civil No. 09-976-AA<br>OPINION AND ORDER |

David P. Rossmiller
Dunn Carney Allen Higgins & Tongue LLP
851 SW 6th Ave., Suite 1500
Portland, Oregon 97204
    Attorney for plaintiff

Page 1 - OPINION AND ORDER

Ronald J. Clark
Bullivant Houser Bailey PC
300 Pioneer Tower
888 SW 5th Ave.
Portland, Oregon 97204
    Attorney for defendant American
    Family Mutual Insurance Company

AIKEN, Chief Judge:

Plaintiff American Hallmark Insurance Company moves for summary judgment pursuant to Fed. R. Civ. P. 56 for dismissal of defendant American Family Mutual Insurance Company's affirmative defenses. Plaintiff also seeks a declaratory judgment pursuant to 28 U.S.C. § 2201. Additionally, plaintiff moves for attorney fees.

Defendant filed a cross-motion for summary judgment pursuant to Fed. R. Civ. P. 56. For the reasons set forth below, defendant's motion for summary judgment is denied and plaintiff's motion is granted, as is plaintiff's request for a declaratory judgment. Plaintiff's motion for attorney fees is denied.

## BACKGROUND

American Hallmark Insurance Company ("Hallmark") insured general contractor Henry Popoff ("Popoff"). On or about September 3, 2007, Popoff and subcontractor JRP Drywall Enterprises, Inc. ("JRP") orally agreed that JRP would perform drywall work on a house located in Bend, Oregon (the "Project"). JRP held a insurance policy with American Family Mutual Insurance Company ("Mutual"), in which Popoff was listed as an "additional insured."

On September 6, 2007, during the course of construction on

Page 2 - OPINION AND ORDER

the Project, Gerardo Herrera ("Herrera"), an employee of JRP, fell from scaffolding and was severely injured.

On February 1, 2008, Herrera filed suit against Popoff alleging damages, equaling $3.2 million, arising from injuries sustained during the September 2007 fall. Hallmark and Mutual paid to defend Popoff in the underlying lawsuit. However, on May 19, 2009, Mutual denied its duty to indemnify Popoff, and refused to contribute to any settlement.

On July 14, 2009, a mediation was held and a Defense Limitation Agreement ("DLA") was reached between the parties. Pursuant to the DLA, on July 17, 2010, Hallmark authorized a settlement with Herrera for $900,000. As part of the settlement, Popoff assigned to Hallmark all claims against JRP and Mutual arising out of the Herrera lawsuit.

On August 19, 2009, Hallmark filed an insurance coverage lawsuit against Mutual and JRP. Plaintiff alleged seven claims in its complaint; four against Mutual and three against JRP. However, defendant Mutual later disputed the terms of the DLA, and as such, a bifurcated court trial was held on December 9, 2010 to determine the terms of the DLA.

On December 20, 2010, this Court found that the DLA was a legally binding agreement. This court also found that, under the DLA, the parties agreed that if plaintiff paid $900,000 to settle the Herrera lawsuit, defendant would agree that the dollar amount of the settlement was reasonable and limit its defenses to those expressly outlined in the DLA. See Findings of Fact and

Page 3 - OPINION AND ORDER

Conclusions of Law (December 20, 2010), CV 09-976-AA.

In accordance with this Court's findings and conclusions, plaintiff renewed its motion for summary judgment. Defendant cross-moved for summary judgment pursuant to Fed. R. Civ. P. 56.

### STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56©. Substantive law on an issue determines the materiality of a fact. T.W. Electrical Serv., Inc. v. Pacific Electrical Contractors Assoc., 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determined the authenticity of a dispute. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. Id. at 324.

Special rules of construction apply when evaluating summary judgment motion: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the

moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party.  T.W. Electrical, 809 F.2d at 630.

## DISCUSSION

Although both parties move for summary judgment, it is undisputed that defendant's duty to indemnify can only be triggered if JRP is negligent.  Therefore, implicit in these motions is that the percentages of fault attributable to JRP and Popoff can only be determined by a trier of fact.  Accordingly, such a determination is not appropriate at this stage in the proceedings.  As such, the Court construes plaintiff's motion for summary judgment as a partial one, applying only to its claim for declaratory judgment and defendant's affirmative defenses.

I.  Defendant's Affirmative Defenses

This Court's December 2010 Findings of Fact and Conclusions of Law (the "Opinion") limited defendant's affirmative defenses to the following: 1) Or. Rev. Stat. § 30.140; 2) the employer's liability exclusion of defendant's policy; 3) the negligence of Herrera and Popoff; and 4) the proper construction of the two parties "other insurance clauses" with regard to which policy was primary and which was excess for the percentage of the Herrera loss attributable to JRP's fault.  See Findings of Fact and Conclusions of Law (December 20, 2010), CV 09-976-AA.  As stated above, it is undisputed that the issues raised on summary judgment are questions of law, excluding any determination of fault.

Page 5 - OPINION AND ORDER

Before discussing the validity of the affirmative defenses reserved by the DLA, a preliminary matter must be addressed. Despite the clear limitations of the Opinion, defendant now alleges two additional affirmative defenses in its second amended answer. These defenses are: 1) Popoff was not an additional insured; and 2) ineffective assignment from Popoff. See Def. Sec. Amend. Answer at pg. 5. Because this Court expressly barred the "not an additional insured" defense in its Opinion, this defense may not be asserted or considered herein, even for defendant's purported purpose of preserving it on appeal.

Defendant's "ineffective assignment" defense was also precluded by the Opinion. Regardless, defendant now argues that it was only prevented from reasserting this defense for direct claims by plaintiff, but not for claims resulting from an assignment from Popoff. See Def. Response Brf. at pg. 2. However, the DLA did not differentiate between claims made directly by Hallmark or those based on an assignment. Thus, it does not matter that Popoff was not involved in the 2009 mediation; such a defense is now prohibited.

Nevertheless, even assuming that defendant is correct in reasserting this defense, it is well settled within the Ninth Circuit that anti-assignment provisions do not foreclose the assignment of a claim for breach of contract. See El Rancho, Inc. v. First Nat'l Bank of Nev., 406 F.2d 1205, 1209 & n.1 (9th Cir. 1968); Alexander Mfg., Inc. Employee Stock Ownership & Trust v. Illinois Union Ins. Co., 590 F.3d 984, 988 (9th Cir. 2009)

Page 6 - OPINION AND ORDER

(affirming <u>Groce v. Fid. Gen. Ins. Co.</u>, 252 Or. 296, 306-7, 448 P.2d 554 (1968)(anti-assignment "provision does not preclude the assignment of a cause of action for damages for breach of a contract."))  Thus, Popoff's assignment to Hallmark is valid for a breach of contract claim, which, in fact, is the only type of claim asserted by Hallmark.  Thus, even if defendant's "ineffective assignment" defense were allowed, plaintiff's claim arising as a result of the assignment would still be viable.

Therefore, the Court now turns to those affirmative defenses explicitly preserved in the Opinion.

### A.  <u>Or. Rev. Stat. § 30.140</u>

Defendant re-alleges this defense in both its second amended answer and motion for summary judgment.  Defendant argues that plaintiff is seeking contribution for Popoff's own negligence, as the Herrera settlement only reflects Popoff's fault, which is expressly foreclosed by Or. Rev. Stat. § 30.140.  Plaintiff contends that it is merely seeking that defendant indemnify Popoff to the extent that his liability arises out of JRP's negligence.

Defendant's policy states that it will provide coverage for Popoff "with respect to liability for 'bodily injury' . . . caused by [JRP's] ongoing operations for the additional insured(s) . . . only to the extent that such 'bodily injury' . . . is caused by [JRP's] negligence or the negligence of those performing operations on your behalf."  <u>See</u> Exhibit 3 to Hallmark's First Amended Complaint at pg. 51.

Page 7 - OPINION AND ORDER

Or. Rev. Stat. § 30.140 was enacted to prevent "parties with greater leverage in construction agreements (generally, owners and contractors) from shifting exposure for their own negligence-or the costs of insuring against that exposure-to other parties (generally subcontractors) on a 'take-it-or-leave-it' basis." Walsh Constr. Co. v. Mutual of Enumclaw, 189 Or. App. 400, 408-10, 76 P.3d 164 (2003), aff'd, 338 Or. 1, 104 P.3d 1146 (2005).

The parties are in agreement that, based upon the terms of defendant's policy and in accordance with Or. Rev. Stat. § 30.140(2), defendant is obligated to indemnify Popoff for Herrera's injuries if the injuries arise out of the fault of JRP, or the fault of JRP's agents, representatives or subcontractors.

Regardless, defendant asserts that the settlement attributes no liability to JRP. Therefore, Or. Rev. Stat. § 30.140 precludes plaintiff's claims since the underlying settlement represents only Popoff's negligence less Herrera's fault. Further, defendant argues that, to the extent that Herrera was negligent in causing the accident, his negligence cannot be imputed to JRP. Defendant cites to a number of cases in support of this contention. See Def. Resp. to Pl.'s Mot. for S.J. at pgs. 10-12. As such, defendant concludes that it has no duty to contribute. Defendant's argument fails for three reasons.

First, under Oregon's worker's compensation laws, Herrera is forbidden from directly suing JRP. See Or. Rev. Stat. § 656.018. Thus, even if JRP were at fault for Herrera's injuries, Herrera

Page 8 - OPINION AND ORDER

could not allege as much without reducing his recovery in the suit against Popoff. Therefore, that fact that Popoff was the only defendant in the underlying litigation is unpersuasive as far as determining whether JRP was at fault.

Second, defendant's assertion that the settlement solely represents a negotiation of Popoff's own negligence less Herrera's responsibility for the accident, thereby precluding plaintiff from seeking contribution, is legally inaccurate. Cases within this district have held that an underlying settlement has no bearing on the allocation of fault between the parties in a coverage case. Home Indem. Co. v. Stimson Lumber Co., 229 F.Supp.2d 1075, 1090 (D.Or. 2001) ("it is clear that any issues of fact determined in the underlying claims would have no estoppel effect on the same issues in the coverage case because there is no dispute that plaintiffs are defending the underlying cases under a reservation of rights, exposing a conflict of interest"). Thus, even if defendant is correct that the settlement reflects solely Popoff's fault, it still would not prevent plaintiff's claims for contribution or indemnity in this coverage action.

Third, and most importantly, the cases relied on by defendant do not support its argument. To the extent that the cited cases are relevant, they show only that where an employee files a complaint in which the contractor's negligence is the sole basis for liability, the subcontractor's insurer does not have a duty to defend. See Richardson v. Howard S. Wright

Page 9 - OPINION AND ORDER

Constr. Co., 2007 WL 1467411, 7-9 (D.Or. 2007) (unreported), Clarendon Nat'l Ins. Co. v. American States Ins. Co., 688 F.Supp.2d 1186, 1192-3 (D.Or. 2010).

    Herrera's complaint, however, did not allege that Popoff's negligence was the sole basis for liability; rather, Herrera admitted that his own negligence contributed to the accident. Moreover, defendant agreed to indemnify Popoff to the extent that his liability arises due to JRP's "negligence or the negligence of those performing operations on your behalf," suggesting that Herrera's fault could be attributed to JRP under the policy. Regardless, this matter is not now before the Court, as defendant actually defended Popoff during the settlement. Thus, the only question for this Court is whether defendant had a duty to indemnify.

    The duty to "indemnify is independent of the duty to defend" and, even though there may be no duty to defend, "based on the allegations in the initial complaint, the facts proved at trial on which liability is established may give rise to a duty to indemnify if the insured's conduct is covered." Richardson, 2007 WL 1467411 at *8. As discussed above, because the parties reached a settlement, a trier of fact never allocated fault between JRP, Herrera, and Popoff. Therefore, whether defendant will be required to contribute to the Herrera settlement, due to its duty to indemnify Popoff to the extent of JRP's negligence, can only be determined at trial, which is precisely what plaintiff seeks.

Page 10 - OPINION AND ORDER

Accordingly, as a matter of law, I find that Or. Rev. Stat. § 30.140 does not preclude defendant's indemnity obligation for this claim to the extent of JRP's negligence in causing Herrera's loss.

B. Employer's Liability Exclusion of Defendant's Policy

Defendant reasserts this defense in both its second amended answer and motion for summary judgment. Defendant argues that the Employer Liability exclusion in its policy excludes coverage for bodily injury to any employee of JRP, including Herrera at the time of the accident. Plaintiff argues that this exclusion limits coverage only for employees of Popoff. Therefore, plaintiff contends that this exclusion does not bar its claims.

Defendant's Employer's Liability exclusion states that coverage does not apply to: "'[b]odily injury' to . . . [a]n 'employee' of the insured." See Exhibit 3 to Hallmark's First Amended Complaint at pg. 30. An additional provision, the Separation of Insureds clause, states: "[e]xcept with respect to the Limits of Insurance . . . this insurance applies: (A) As if each Named Insured were the only Named Insured; and (B) Separately to each insured against whom claim is made or suit is brought." Id. at 37.

Oregon courts have construed insurance policies with nearly identical language, and held that the employer's liability exclusion must be analyzed separately as to each insured. See Cimarron Ins. Co. v. Travelers Ins. Co., 224 Or. 57, 72, 355 P.2d 742 (1960); Klamath Pac. Corp. v. Reliance Ins. Co., 152 Or. App.

Page 11 - OPINION AND ORDER

738, 740, 955 P.2d 340 (1998). Thus, where the defendant "was not alleged to be the plaintiff's employer, the employer's liability exclusion does not apply." Klamath Pac. Corp., 152 Or. App. at 740.

It is undisputed that defendant's policy listed Popoff as an "additional insured." Accordingly, under the Separation of Insureds provision, Popoff has a contractual relationship with defendant independent from JRP. Thus, under Oregon case law and in accordance with the express language of defendant's policy, Popoff would be "the insured" under the exclusion. Therefore, I find that the exclusion applies only when the injured employee is an employee of Popoff's. However, since it is undisputed that Herrera was not Popoff's employee, the Employer's Liability exclusion defense fails as a matter of law.

C. The Proper Construction of the Parties "Other Insurance Clauses" with Regard to Which Policy was Primary

Plaintiff construed this defense as conceded with no objection from defendant. Thus, it is now undisputed that defendant's policy is primary for that portion of the Herrera loss attributable to JRP's negligence.

As such, defendant's motion for summary judgment is denied and plaintiff's motion for summary judgment is granted in regard to defendant's affirmative defenses.

II. Declaratory Judgment

Plaintiff seeks a declaratory judgment, pursuant to 28 U.S.C. § 2201, that defendant had an obligation to indemnify

Page 12 - OPINION AND ORDER

Popoff for liability attributable to JRP's negligence in the Herrera lawsuit. However, as discussed above, there is no dispute as to this issue, and therefore, plaintiff's motion for summary judgment is granted.

### III. Attorney's Fees

Plaintiff moves for attorney fees pursuant to Or. Rev. Stat. § 742.061. In the alternative, plaintiff seeks attorneys fees as reliance damages.

Section 742.061 of Or. Rev. Stat. provides that a plaintiff in an insurance policy action is entitled to an award of attorney fees "if settlement is not made within six months from the date proof of loss is filed with [the] insurer" and "the plaintiff's recovery exceeds the amount of any tender made by the [insurer]." See Badrick v. Farmers Ins. Co. of Ore., 238 Or. App. 320, 322, 242 P.3d 685(quoting and interpreting Or. Rev. Stat. § 742.061).

However, as defendant argues, courts within this district have held that an insurance company's claim for coverage or contribution against another insurance company does not give rise to fees under Or. Rev. Stat. § 742.061. Certain Underwriters at Lloyd's London & Excess Ins. Co., Ltd. v. Mass. Bonding & Ins. Co., 235 Or. App. 99, 114-5, 230 P.3d 103 (2010) ("an equitable contribution action [by an insurance company] is not the type of action for which the legislature intended to extend a right to attorney fees . . . the triggering events in ORS 742.061(1) pertain to the relationship between an insured and its insurer").

In light of this precedent, and since it is unclear under

Page 13 - OPINION AND ORDER

what theory plaintiff will prevail at trial, I find it premature to award attorney fees pursuant to § 742.061 or reliance damages. Therefore, plaintiff's motion for attorney fees is denied. Consistent with this ruling, plaintiff may renew its motion once liability is determined.

## CONCLUSION

Plaintiff's motion for summary judgment (doc. 97) is GRANTED as to defendant's affirmative defenses and GRANTED as to plaintiff's request for a declaratory judgment. Defendant's cross-motion for summary judgment (doc. 103) is DENIED. Plaintiff's motion for attorney fees (doc. 97) is DENIED. Additionally, defendant's request for oral argument is DENIED as unnecessary.

Therefore, defendant's affirmative defenses are dismissed. The only remaining issue to be determined at trial is the amount of fault attributable to JRP, Herrera, and Popoff. In light of this decision, the Court strongly encourages the parties to resume settlement negotiations.

IT IS SO ORDERED.

Dated this  1  of June 2011.

_____
Ann Aiken
United States District Judge

Page 14 - OPINION AND ORDER